IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

SHELIA D. STOKER,

            Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

            Defendant.

Case No. 08-CV-628-FHM

## OPINION AND ORDER

Plaintiff, Shelia D. Stoker, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's February 6, 2004, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") David W. Engel was held March 13, 2006. By decision dated July 31, 2006, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on August 22, 2008. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff claims to have been unable to work since February 2, 2004, as a result of anxiety, pain and shortness of breath.  For the purpose of obtaining Social Security disability benefits, disability is defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).  Substantial gainful activity is work which is done for pay.  20 C.F.R. §§ 404.1510, 404.1572.

The ALJ found that at the time of the hearing Plaintiff was engaged in substantial gainful activity and that there was no continuous 12-month period during which Plaintiff was not engaged in substantial gainful activity.  The ALJ therefore ruled that Plaintiff has not been under a disability as defined in the Social Security Act from February 2, 2004, through the date of the decision.  The case was thus decided at step one of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence because the ALJ improperly relied on post-hearing evidence and did not prove[2] that she was performing substantial gainful activity throughout the pendency of her disability claim. Plaintiff also argues that the ALJ failed to fully inform Plaintiff of her right to counsel and failed to obtain medical records he promised to acquire. The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

Plaintiff alleges she became disabled on February 2, 2004, the date on which she stopped working. She resumed working on October 10, 2004, [R. 431, 434], and worked continuously through the date of the hearing, March 13, 2006. Plaintiff testified that since she began working in October 2004, and continuing to the date of the hearing, she worked 31 to 32 hours per week at the rate of $7.75 per hour. *Id.* The ALJ cited that testimony to support his determination that "there has been no continuous 12-month period during which the claimant has not engaged in substantial gainful activity." [R. 17]. The court finds that the ALJ's decision is supported by substantial evidence in the form of Plaintiff's own testimony which demonstrates that there has not been a continuous 12-month period during which she has not performed substantial gainful activity under 20 C.F.R. § 404.1574.

Plaintiff argues that the ALJ erroneously relied on a 2005 statement of Plaintiff's earnings. Since that document was not in the record at the time of the hearing, Plaintiff

---

[2] Under the sequential evaluation process, the claimant bears the burden of establishing she was not engaged in substantial gainful activity. *Williams*, 844 F.2d at 751 n.2.

3

asserts that the ALJ inappropriately considered the document. Assuming, *arguendo,* that it was not appropriate for the ALJ to have considered the statement of Plaintiff's earnings for 2005, Plaintiff's testimony outlined above still unquestionably supports the ALJ's decision.

The record does not support Plaintiff's argument that accommodations granted to Plaintiff by her employer were not considered by the ALJ. The ALJ accurately noted Plaintiff's testimony that she works as a certified nurse assistant, works with patients with behavioral problems, which she finds to be stressful, and does not perform lifting. [R. 17, 431-32]. The ALJ found that Plaintiff has "not stated or provided evidence that she is accommodated at work or that her compensation exceeds the amount of work performed." [R. 17]. In her reply brief, Plaintiff asserts that as a *pro se* claimant, she could not be expected to provide that information when no inquiry was made about it at the hearing. [Dkt. 24, p. 2]. However, the information is contained in the Work Activity Report completed by Plaintiff. In a checklist format the Work Activity Report specifically asks whether Plaintiff's job duties are different from those of other workers with the same job title. [R. 121]. Plaintiff did not indicate she had fewer or easier duties, was given extra help, or that there were other differences between her and other employees doing that job such as "frequent absences." *Id.* The only difference Plaintiff indicated was that she worked "shorter hours." The court finds that the ALJ's conclusion that Plaintiff is not accommodated at work is supported by substantial evidence.

Plaintiff asserts that her due process rights were violated because the ALJ did not explain that Social Security cases are taken on a contingency fee basis and that no fee is paid unless that attorney wins the case. Plaintiff states:

4

> The ALJ failed to properly inform Claimant of her right to counsel because he did not inform her of the contingency nature of the fee agreements; he did not mention agency oversight of the fee agreement; he did not fully explain the fee cap; and his discussion of the issue was cursory.

[Dkt. 20, p. 4].

In addressing Plaintiff's claim, it may provide some clarity to first distinguish what "right to counsel" a claimant has in cases before the Commissioner of Social Security. From its use in criminal cases, the phrase "right to counsel" carries with it the implication that counsel will be appointed for persons who do not have or who cannot afford an attorney and that the "right to counsel" must be knowingly and voluntarily waived before the case can proceed against an accused without an attorney. However, since these constitutional protections do not extend to Social Security cases, use of the phrase "right to counsel" confuses the analysis concerning allegations of error relating to an unrepresented claimant.

Since an unrepresented Social Security claimant does not have the right to have an attorney appointed for her, there is no corollary requirement that waiver of counsel be attended with the formalities necessary in criminal cases. The extent of a Social Security claimant's "right to counsel" is established in 42 U.S.C. § 406(a)(1) which provides in relevant part:

> An attorney in good standing who is admitted to practice before the highest court of the State, Territory, District, or insular possession of his residence or before the Supreme Court of the United States or the inferior Federal courts, shall be entitled to represent claimants before the Commissioner of Social Security.

This "right to counsel" in Social Security cases would be implicated only if a claimant who has an attorney who meets the qualifications listed in § 406(1)(a) were denied the opportunity to have that attorney represent her before the Commissioner.

The statute imposes notice requirements on the Commissioner which might also be termed a "right." In this regard the statute requires the Commissioner to:

> notify each claimant in writing, together with the notice to such claimant of an adverse determination, of the options for obtaining attorneys to represent individuals in presenting their cases before the Commissioner of Social Security. Such notification shall also advise the claimant of the availability to qualifying claimants of legal services organizations which provide legal services free of charge.

42 U.S.C. § 406(c).

Plaintiff does not contend that she had an attorney and that the Commissioner refused to allow the attorney to represent her. Nor does she contend that the numerous written notices she received failed to comply with the requirements of 42 U.S.C. § 406(c). Rather, Plaintiff contends that at the hearing the ALJ failed to provide her with more detailed information about the fee an attorney could charge if Plaintiff wanted to hire an attorney. Plaintiff's contention thus seeks an expansion of the written notice requirement contained in the statute. In support of her position, Plaintiff cites cases from the Fifth, Seventh, and Eleventh Circuits which all require that additional information be supplied to claimants by the ALJ at the hearing.

The cases cited by Plaintiff were discussed and the imposition of additional notice requirements was rejected in *Lamay v. Commissioner of Social Security*, 562 F.3d 503, 508 (2nd Cir. 2009) on the basis that those additional notice requirements were developed before Congress enacted the statutory notice requirements. In *Garcia v. Califano*, 625 F.2d

6

354 (10th Cir. 1980) the Tenth Circuit rejected arguments similar to Plaintiff's based on an earlier version of the statute and concluded:

> A claimant who, advised of his right to attorney representation, proceeds on his own, and receives a full and fair hearing of his claim, is not entitled to have the cause remanded to the Secretary for further proceedings when he thereafter retains counsel.

*Id.* at 356-57 (citations omitted).

The undersigned finds the reasoning of the *Lamay* Court persuasive and is not persuaded that the court should impose additional notice requirements beyond those set forth in the statute. In this case the record reflects that proper statutory notices were sent. The ALJ advised Plaintiff she had a right to have a representative assist her, he discussed attorney fees in some detail, and offered Plaintiff a continuance to enable her to obtain a representative. [R. 422]. The transcript in this case reflects no confusion by Plaintiff, that she had any desire for representation, or that she did not receive a full and fair hearing.

The court rejects Plaintiff's argument that the case must be reversed for failure to develop the record because after the hearing the ALJ obtained medical records from the Morton Clinic which he did not proffer to Plaintiff for review and comment. In evaluating claims for Social Security disability benefits, the ALJ follows a five-step sequential evaluation process. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). In step one of the process, a determination is made whether the claimant is engaged in substantial gainful activity. If the claimant is so engaged, benefits are denied and further evaluation is unnecessary. *Id.*; *Lax v. Astrue*,

489 F.3d 1080, 1084 (10th Cir. 2007).  Since Plaintiff's application for benefits was properly determined at step one, the ALJ had no further obligation to develop the record.

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The Court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 19th day of November, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE